1921, the loss to the pool of $72,400 on the notes of the two motor companies, of $90,250 on individual notes secured by stock of the motor companies, of $127,000 on account of obligations of the Sheridan Park Investment Company, of $82,572.75 on the notes of the Standard Securities Company, of $11,104.15 on the debt of the Canadian Company, was recognized and determined by the interested parties. The sale of the assets of the motor companies by the trustee in bankruptcy, and the sale of the property of the investment company under a foreclosure, definitely rendered these obligations worthless. The losses on that account were "from closed and completed transactions." Mastin v. Commissioner of Internal Revenue, supra. These items constitute one-half of the total amount advanced to relieve the bank. The loss on some of the other accounts was more or less uncertain during the year of 1921, but the fact was definitely established before the end of 1922 that the contributions made to the pool were a complete loss. There is not the least doubt that appellant was thoroughly informed concerning the status of all these matters, because he was the most active participant in all of the negotiations.

It was not the privilege of the taxpayer to elect the time that the debt would be declared worthless, but it was his duty to make the deduction during the year that the worthlessness of the obligation was ascertained. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277.

Appellee contends that no loss was shown because the pool contributors had recourse on the bank, and there was no showing that this had been resorted to, and, hence, no proof of loss. The finding of the Board of Tax Appeals that "it is obvious, therefore, that the petitioners had recourse against the bank for any losses they might sustain through their purchase of these accounts, and in the absence of proof of the insolvency of the bank, or other reasons why it cannot be so held, no proof of ultimate loss has been established," is not supported by the evidence. With respect to the notes issued by the bank as a result of the resolution of May 15, 1921, there was recourse on the bank. But the creation of the pool was a separate transaction and with respect to the securities thereby taken out of the bank there was no recourse on the institution. The very purpose of the creation of the pool would have failed of accomplishment if the bank had remained liable on the doubtful securities removed. There was an outright sale of these securities to the parties who put up this fund, and

when the persons liable in the first instance were incapable of satisfying their obligations there was no remedy against the bank.

Can it be said that these losses were "charged off" within the taxable year? The testimony was that no books were kept by any one in connection with the pool except a record of receipts and disbursements. No formal requirement as to what will constitute an actual charging off of a worthless debt seems to prevail. Where the taxpayer, acting in good faith, and in accordance with the fact, forms a mental determination, during the taxable year, under the circumstances here present, to charge off a worthless debt, there has been compliance with the statute. Jones et al. v. Commissioner of Internal Revenue (C. C. A. 7) 38 F.(2d) 550. This, too, has been the uniform ruling of the Board. Mitten v. Commissioner, 11 B. T. A. 731.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings in accordance with views herein expressed.

Charles A. McCLOUD, Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 8662.

Circuit Court of Appeals, Eighth Circuit.

Sept. 12, 1930.

T. S. Allen, of Lincoln, Neb. (H. J. Requartte and O. C. Wood, both of Lincoln, Neb., on the brief), for appellant.

Barham R. Gary, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is a petition to review a decision of the United States Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in asserting a deficiency of income tax for the years of 1921 and 1922.

The parties stipulated that this cause be submitted on the record and briefs filed, and the oral arguments presented in the case of E. B. Stephenson, appellant, v. Commissioner of Internal Revenue, appellee (C. C. A.) 43 F.(2d) 348.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings in accordance with views expressed in the above-named cause, which has this day been determined.

## W. M. LEONARD, Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Appellee.
### No. 8663.

Circuit Court of Appeals, Eighth Circuit.
Sept. 12, 1930.

T. S. Allen, of Lincoln, Neb. (H. J. Requartte and O. C. Wood, both of Lincoln, Neb., on the brief), for appellant.

Barham R. Gary, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is a petition to review a decision of the United States Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in asserting a deficiency of income tax for the years of 1921 and 1922.

The parties stipulated that this cause be submitted on the record and briefs filed, and the oral arguments presented in the case of E. B. Stephenson, appellant, v. Commissioner of Internal Revenue, appellee (C. C. A.) 43 F.(2d) 348.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings in accordance with views expressed in the above-named cause, which has this day been determined.

## E. J. FAULKNER and Jennie Faulkner, Executors of the Estate of Albert O. Faulkner, Deceased, Appellants, v. COMMISSIONER OF INTERNAL REVENUE, Appellee.
### No. 8664.

Circuit Court of Appeals, Eighth Circuit.
Sept. 12, 1930.

T. S. Allen, of Lincoln, Neb. (H. J. Requartte and O. C. Wood, both of Lincoln, Neb., on the brief), for appellant.

Barham R. Gary, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is a petition to review a decision of the United States Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in asserting a deficiency of income tax for the years of 1921 and 1922.

The parties stipulated that this cause be submitted on the record and briefs filed, and the oral arguments presented in the case of E. B. Stephenson, appellant, v. Commissioner of Internal Revenue, appellee (C. C. A.) 43 F.(2d) 348.

The decision of the Board of Tax Appeals is reversed and the cause remanded for further proceedings in accordance with views expressed in the above-named cause, which has this day been determined.